COMMERCIAL REALTY, INC., Plaintiff and Appellee, *v.* SUCRS. DE INFANZÓN & GARCÍA, INC., Defendant and Appellant.

No. 10124. Argued April 18, 1950.—Decided May 11, 1950.

Mariano Acosta Velarde and Daniel Pellón Lafuente for appellant. Guillermo S. Pierluisi for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of San Juan entered judgment for the plaintiff in an unlawful detainer suit brought by Commercial Realty, Inc., against Sucrs. de Infanzón & García, Inc., based on § 12–A 8[1] of the Reasonable Rents Act (Act No. 464 of 1946, as amended by Act No. 201 of 1948). The lower court stated in its judgment[2] that:

". . . It has been clearly proved that on January 1, 1948, the plaintiff requested Sucrs. de Infanzón y García, assigns (sic) of Sucrs. de Infanzón y García, Inc., to vacate the building

---

[1] Section 12–A 8 (d) provides:

"Section 12–A.—As exceptions to the provisions of the preceeding section, the lessor may refuse the extension of the lease contract and, consequently, commence unlawful detainer proceedings only in the following cases:

"..........

"8. Whenever the lessor is planning to demolish in whole or in part the leased building, in order to construct a new building. "The following requisites shall concur:

"..........

"d. That at least six months prior to the date on which the works are intended to be started, the lessor shall give the affected tenant authentic written notice to vacate the premises on account of the works to be carried out."

[2] It did not render an opinion as required by § 227 of the Code of Civil Procedure.

leased by the defendant because said plaintiff had the intention of completely reconstructing the building, and the reconstruction could not be carried out while the premises were leased, granting to defendants until June 30, 1948 to vacate the premises; that the plaintiff undertook to prepare the drawings which were accepted by the Board of Permits; that the Board of Permits accepted the drawings on March 18, 1949; that on the same day the insurance policy of the State Insurance Fund was issued; that the plaintiff is ready to begin the construction work as soon as defendant leaves the premises."

The Court then overruled the defenses interposed by the defendant to the effect that it had not been notified of the action in accordance with the Act and that the plaintiff sought to establish a business in the premises occupied by the defendant.

The defendant appealed and maintains that the lower court erred in dismissing its demurrer to the complaint, in deciding that the notice served on Sucrs. de Infanzón & García was valid, in deciding that the plaintiff had a right to retain a place in the new building, and in not considering that from the notice to the defendant to the filing of the complaint the six months required by the statute had not elapsed.

The first, second, and fourth errors involve the same question, that is, whether the defendant was legally notified of plaintiff's intention to reconstruct the building in question.

The complaint was filed on April 13, 1949, and it was alleged therein that on January 1, 1948, the plaintiff, as lessor, had notified the defendant, as lessee, by registered mail its intention to reconstruct the building in which the leased premises were, and asked it to vacate the same because the work would begin July 15, 1948. The appellant maintains that the date on which the work would commence was not alleged in the complaint and that for this reason the complaint did not state facts constituting a cause of action. Furthermore, that the notice was served on Sucrs. de Infanzón & García and not on Sucrs. de Infanzón & García, Inc.

We do not agree with appellant. Section 12–A 8, *supra,* was complied with in this case. More than six months before the complaint was filed, it was notified that the appellee intended to begin the work not later than July 15, 1948. It was also alleged in the complaint that the plaintiff "intended to begin the work in the early part of July, 1948, which it was unable to do because defendant had. not vacated the said premises." This allegation, together with what was set forth in the notice, was sufficient. More than six months had expired at the time of filing the complaint.

■ As to whether the notice was served on the partnership and not on the corporation Sucrs. de Infanzón & García, we have no doubt, according to the evidence, that the members of the partnership Sucrs. de Infanzón & García merely incorporated and continued its business without causing any change, on that account, in the lease contract with the appellee. For the purpose of the notice under the Reasonable Rents Act, the tenants of the appellee remained the same.

■ The other error assigned refers to the fact that the lower court decided that the appellee had a right to retain a commercial premise in the new building. The appellant argues that the appellee "is not going to utilize it for its own benefit but for another entity that has a business in the adjacent building."

We have examined the evidence and it is sufficient to support the conclusion of the lower court to the effect that the appellee is going to occupy the first floor of the reconstructed building.

It did not believe, therefore, the evidence that said premises were to be occupied by the firm of A. Cuesta & Co. There can be no doubt that the appellee is entitled to occupy said premises in the new building for subdivision 8 (*f*) of § 12–A, *supra,* provides that:

"The lessor may retain for his own use in the reconstructed property not more than one dwelling and one business premises. The other dwellings and business premises available shall be

leased, in the order of seniority, to the lessees of dwellings and business premises ejected from their former premises who may desire to return to the property."

The judgment will be affirmed.